D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA ex rel.
HILARY BEST,

                Plaintiff,

-against-

ANN MARIE BARBAROTTA, Director,
Creedmoor Psychiatric Center,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-6218 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff's motion for a temporary restraining order seeking his release from a psychiatric center. For the reasons set forth below, Plaintiff's motion is DENIED.

## I. BACKGROUND

The following facts are taken from Plaintiff's motion, his supporting affirmation, and the papers affixed thereto.

Sometime prior to December 4, 2012, Plaintiff was arrested for allegedly committing stalking in the fourth degree in violation of New York law. (See Involuntary Admis. Appl., App. to Pl. Aff. (Dkt. 6-1) at 3; Gonzalez Certificate, App. to Pl. Aff. at 4; Ninan Certificate, App. to Pl. Aff. at 5.) He was later deemed unfit to stand trial on that charge and on December 4, 2012, was transferred from Riker's Island to Creedmoor Psychiatric Center ("Creedmoor"). (Id.) Specifically, Plaintiff was characterized as delusional and paranoid because, among other things, he believed that his landlord and attorney had bribed the judge in his criminal case to have him detained. (Id.) Two doctors at Creedmoor also certified that he had limited insight, had refused any medication, and was therefore in need of inpatient stabilization. (See Gonzalez Certificate at 4; Ninan Certificate at 5.)

1

Plaintiff commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2243[1] challenging the propriety of his commitment.[2] (See Pet. (Dkt. 1).) As relevant to the instant motion, Plaintiff claims that Defendants have violated his rights to Due Process and Equal Protection under the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. (Pl. Aff. (Dkt. 6) ¶ 2.) Specifically, Plaintiff claims that: (1) he is being detained "without a securing order or mandate" (id. ¶ 3); (2) the criminal court failed to follow certain provisions of New York's Criminal Procedure Law in its determination that he was unfit to stand trial (id. ¶ 4); and (3) the application for involuntary admission was signed by an improper party, untimely, and fraudulent, all in violation of New York's Mental Hygiene Law (id. ¶ 4(a)-(h)). Because of these alleged violations, Plaintiff now requests "that a temporary restraining order be immediately issued enjoining the defendants from detaining [him] in violation of [his] constitutional rights." (Id. at 6.)

## II. STANDARD OF REVIEW

A temporary restraining order, like a preliminary injunction, "is an extraordinary remedy never awarded as of right." Salinger v. Colting, 607 F.3d 68, 79 (2d Cir.2010). A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Psihoyos v. John Wiley & Sons, Inc., No. 11-CV-1416 (JSR), 2011 WL 4634172, at *1 (S.D.N.Y. Oct. 4, 2011) (citation omitted). And a plaintiff seeking a mandatory injunction—that is, one compelling affirmative

---

[1] It should be noted that a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the proper means to challenge an involuntary civil commitment. See Buthy v. Comm'r of Office of Mental Health of N.Y. State, 818 F.2d 1046, 1051 (2d Cir.1987).

[2] Plaintiff has filed other actions that also challenge this commitment, including Best v. Schecter, No. 12-CV-6142 (NGG) (MDG) (E.D.N.Y.), which seeks monetary damages for the same alleged constitutional violations outlined in this Petition.

action rather than preserving the status quo—has an even higher hurdle: "[H]e must show a 'clear' or 'substantial' likelihood of success on the merits." Fox v. Anthony, No. 10-CV-839 (GTS) (ATB), 2010 WL 3338549, at *2 (N.D.N.Y. July 15, 2010) (report and recommendation), adopted by 2010 WL 3338558 (N.D.N.Y. Aug. 23, 2010) (citing Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir.1989)) (internal quotation marks omitted).

Federal courts, however, are not free to issue temporary restraining orders that impermissibly encroach upon the essential comity that exists between federal and state courts. Under Younger v. Harris, 401 U.S. 37 (1971), a federal court must decline to exercise its jurisdiction and abstain from deciding a constitutional claim where: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). A federal court should be particularly careful when asked to enjoin state proceedings because, as compared to monetary damages, injunctions are more likely to pose an "unacceptable interference with the ongoing state proceeding, the evil against which Younger seeks to guard." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000); cf. Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001) (holding that Younger does not apply to claims for money damages under 42 U.S.C. § 1983).

## III. DISCUSSION

### A. Younger Abstention

Plaintiff's motion for a temporary restraining order seeks an order from this court requiring Creedmoor officials to immediately release him. Because each of the Younger requirements is met, the court must deny the motion.

3

1. *Ongoing State Proceeding*

First, it is apparent that the state mental health proceedings are still pending. Plaintiff claims he was involuntarily committed on December 4, 2012. (Pl. Aff. ¶ 4(c).) The Mental Hygiene Part of New York State Supreme Court was scheduled to hold a hearing on December 26, 2012, under New York Mental Hygiene Law § 9.31, *after* Plaintiff filed this motion. (See Hearing Notice, App. to Pl. Aff., at 1.) Although it appears that this hearing has taken place, there is no indication that this one hearing has already resulted in a final decision. Moreover, any appeal from such a decision would still constitute an "ongoing proceeding" under Younger. See Glatzer v. Barone, 394 F. App'x 763, 765 (2d Cir. 2010). Regardless, the Notice of Involuntary Treatment specifically states that it is only in effect for 60 days. (See Notice of Involuntary Status, App. to Pl. Aff. at 2.) Thus, there is an ongoing state proceeding that would be halted if this court were to issue a temporary restraining order.

2. *Important State Interest*

Second, important state interests are at stake. "[A] state interest is 'important' where 'the state action concerns the central sovereign functions of state government.'" Arbitron Inc. v. Cuomo, No. 08-CV-8497 (DLC), 2008 WL 4735227, at *4 (S.D.N.Y. Oct. 27, 2008) (quoting Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001)).

Here, New York State has an important interest in determining the application of its own mental health laws. See Pratt v. Hogan, 631 F. Supp. 2d 192, 196 (N.D.N.Y. 2009) (finding that the state's interest in determining the constitutionality of its sex offender program that required mental health evaluations was important). Additionally, a temporary restraining order would release Plaintiff, who allegedly has mental health problems for which he refuses to be medicated, back into society. This directly implicates New York's strong interest in protecting its citizens.

See Manculich v. Bucci, No. 05-CV-1441, 2006 WL 1085174, at *2 (N.D.N.Y. Apr. 25, 2006) ("The ability of a municipality to . . . protect the public health and safety is an important state interest.").

Moreover, the proceedings regarding Plaintiff's mental health status originated from his criminal arrest. The need to properly administer its criminal justice system—including the determination of those who are unfit to stand trial—is a classic state interest that justifies abstention. Indeed, Younger itself involved state criminal prosecutions. See Younger, 401 U.S. at 45 (detailing the "fundamental policy against federal interference with state criminal prosecutions"). All told, a federal temporary restraining order in this case would interfere with important state interests.

3. *Adequacy of State Proceedings*

Finally, Plaintiff has an adequate "opportunity for judicial review of his constitutional claims during or after the proceeding." Univ. Club v. City of New York, 842 F.2d 37, 40 (2d Cir. 1988). The mental health proceedings are pending in a division of the New York Supreme Court (see Notice of Hearing), which is a court of general jurisdiction that may hear federal constitutional claims, see Barrington v. New York, 806 F. Supp. 2d 730, 742 n.3 (S.D.N.Y. 2011). Also, that court can afford him the relief he now seeks—release. See N.Y. Mental Hygiene L. § 9.31(c) (authorizing the court to "order the release of the patient"). He may then appeal any unfavorable decision to the Appellate Division.[3] See Dorsey v. Hogan, No. 09-CV-0976 (FJS) (RFT), 2011 WL 7629514, at *4 (N.D.N.Y. Mar. 4, 2011) (report and recommendation), adopted by 2011 WL 1057301 (N.D.N.Y. Mar. 27, 2012).

---

[3] In fact, even if Plaintiff could not adjudicate his constitutional claims in the Mental Health Part of New York Supreme Court, he may obtain all possible remedies in other courts: the state court may order Plaintiff's release, see N.Y. Mental Hygiene L. § 9.31(c), and his suit seeking monetary damages for these same alleged violations is still pending in this court, see Best v. Schecter, No. 12-CV-6142 (NGG) (MDG) (E.D.N.Y.).

In short, Plaintiff has many judicial avenues still available to him that can provide him with the relief he seeks; this particular path at this particular time, however, is closed.

## IV. CONCLUSION

Plaintiff's motion for a temporary restraining order is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
January 2, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge