```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    UNITED STATES OF AMERICA ex rel.
    HILARY BEST,

                                    Petitioner,

            -against-

    ANN MARIE BARBAROTTA, Director,
    Creedmoor Psychiatric Center,

                                    Respondent.
------------------------------------------------------------------X
```

**MEMORANDUM & ORDER**

**12-CV-6218 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Petitioner Hilary Best's motion for reconsideration of the court's decision denying his motion for a temporary restraining order ("TRO"). For the reasons set forth below, Petitioner's motion is DENIED.

I.  **BACKGROUND**

The court does not recite the entire history of this case, and sets forth only those facts that are relevant to the instant motion.

On January 4, 2013, the court denied Petitioner's motion for a TRO releasing him from the custody of Creedmoor Psychiatric Center ("Creedmoor"). (Jan. 4, 2013, Mem. & Order (Dkt. 7) ("TRO Opinion").) The court concluded that because Petitioner was still litigating his involuntary commitment in state court, which was adequate to assert his constitutional claim, it had to abstain from issuing a TRO under Younger v. Harris, 401 U.S. 37 (1971). (See TRO Op. at 3-5.)

1

On January 14, 2013, Petitioner moved for reconsideration of the TRO Opinion.[1] He claims that the court erred in at least three ways: (1) it misconstrued the facts that formed the basis for Petitioner's involuntary admission, overlooking the fact that Petitioner is mentally stable (Pet. Aff. ¶¶ 2, 4); (2) the court failed to appreciate that Defendants violated New York's Mental Health and Penal Laws (id. ¶¶ 3, 5); and (3) the court misapplied Younger because Defendants' violations of New York law "make[] the instant case an exception under Younger to permit issuing a temporary restraining order or, alternatively, granting a federal writ of habeas corpus" (id. ¶¶ 6-7).

## II.  STANDARD OF REVIEW

The standard for a motion for reconsideration is "strict." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions may be granted: (1) if the court overlooks critical facts; (2) if it overlooks controlling decisions that could have changed its decision, see id.; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d. Cir. 1992); see also Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG) (RLM), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority."). "A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . . [n]or . . . a chance for a party to take a 'second bite at the apple.'" WestLB AG v. BAC Fla.

---

[1] Although Petitioner states that he meant to file his motion for a TRO in Best v. Schecter, No. 12-CV-6142 (E.D.N.Y.) (see Pet. Aff. (Ex. 1 to Recons. Mot. (Dkt. 8-1))), he filed this motion for reconsideration under this case number. Rather than have Petitioner refile this motion in Best v. Schecter, for consistency and efficiency the court decides Petitioner reconsideration motion in this case, where it was filed.

2

Bank, No. 11-CV-5398 (LTS) (AJP), 2012 WL 4747146, at *1 (S.D.N.Y. Oct. 4, 2012) (citations omitted). However, "[i]t is within the sound discretion of the district court whether or not to grant a motion for reconsideration." Markel Am. Ins. Co. v. Linhart, No.11-CV-5094 (SJF) (GRB), 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012).

## III. DISCUSSION

Petitioner's arguments in favor of reconsideration all fail. First, Petitioner claims that the court misconstrued the facts underlying his motion, including failing to recognize that Petitioner is not mentally unstable and that the proffered reasons for his involuntary commitment were inadequate. (See Pet. Aff. ¶¶ 2, 4.) The court, however, did not make any factual determinations, and expressed no opinion on the merits—it simply held that given the ongoing state proceedings, which are adequate to adjudicate Petitioner's constitutional claims, the court had to abstain from issuing a TRO. (See TRO Op. at 1, 3-6 ("Plaintiff has many judicial avenues still available to him that can provide him with the relief he seeks; this particular path at this particular time, however, is closed.").

Second, Plaintiff claims that the court failed to appreciate that during Petitioner's mental competency proceedings in New York Criminal Court and his subsequent commitment to Creedmoor, various New York State officials violated state law. (See Pet. Aff. ¶¶ 3, 5.) Petitioner is again mistaken. The court understood Petitioner's arguments, but because the Younger requirements are met, it cannot entertain Petitioner's federal constitutional claims while the state proceedings are ongoing. (See TRO Op. at 2, 3-6.) If appropriate, the court may later evaluate the merits of Plaintiff's claims.

Finally, Petitioner asks this court to recognize an "exception" to the Younger doctrine because he claims that the previous state proceedings were not done in accordance with New

3

York state law. (Pet. Aff. ¶¶ 6-7.) This, too, is insufficient. The court cannot and will not invent an exception to Supreme Court doctrine. And Plaintiff claims only that the past state proceedings were defective; this does not render any future hearings "inadequate" to adjudicate his constitutional claim under Younger.

For these reasons, Petitioner has not demonstrated any reason sufficient to warrant reconsideration. His motion is therefore denied.

## IV.   CONCLUSION

Petitioner's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
January 24, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge